**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>Plaintiff,<br><br>**v.**<br><br>**CBS CORPORATION,**<br><br>Defendant. | **CIVIL ACTION NO. 2:13-cv-270**<br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1.   This is an action for patent infringement in which Personal Audio, LLC ("Personal Audio") makes the following allegations against CBS Corporation ("CBS").

### PARTIES

2.   Plaintiff Personal Audio ("Plaintiff" or "Personal Audio") is a Texas limited liability company with its principal place of business at 3827 Phelan Blvd., Suite 180, Beaumont, Texas 77707.

3.   On information and belief, CBS is a Delaware corporation, with its principal place of business at 51 W. 52nd Street, New York, New York 10019.

### JURISDICTION AND VENUE

4.   This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, CBS has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6.   On information and belief, CBS is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to

its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,112,504

7.  Plaintiff is the owner of United States Patent No. 8,112,504 B2 ("the '504 patent") entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence." The '504 Patent issued on February 7, 2012. A true and correct copy of the '504 Patent is attached as Exhibit A.

8.  On January 24, 2013, Plaintiff gave notice to CBS of its rights in the '504 patent via a letter to Lewis Briskman. Upon information and belief, CBS ignored this letter, and Plaintiff has yet to receive any substantive response. To date, CBS has offered no explanation, theory or legal defense to the '504 patent.

9.  The '504 patent is directed to the distribution of episodic media content. Upon information and belief, Defendant CBS has been and now is directly infringing in the State of Texas within this judicial district, and elsewhere in the United States, by, among other things, at least using an apparatus that infringe one or more claims of the '504 patent. Defendant CBS is thus liable for infringement of the '504 Patent pursuant to 35 U.S.C. § 271.

10. First, upon information and belief, CBS provides a podcast of several different shows, including, for example, the "CBSSports.com Eye on College Basketball Podcast," "60 minutes," "Face the Nation," "Tech Talk," and many others. Upon information and belief, CBS uses servers, data storage and other Internet hardware and software in a manner that directly and literally infringes one or more claims of the '504 patent with respect to at least all the above listed podcasts. In the alternative, because the manner of use by CBS differs in no substantial way from language of the claims, if CBS is not found to literally infringe, CBS infringes under the doctrine of equivalents.

11. Second, upon information and belief, CBS provides episodic video media in a manner that infringes one or more claims of the '504 patent, including without limitation, episodic video of various TV shows, including by way of example and not limitation, "CSI:

Crime Scene Investigation." Upon information and belief, CBS uses servers, data storage and other Internet hardware and software in a manner that directly and literally infringes one or more claims with respect to at least the above-listed media in episodic form.  In the alternative, because the manner of use by CBS differs in no substantial way from the claims of the patent, if CBS is not found to literally infringe, CBS infringes under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '504 Patent;

2. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '504 Patent as provided under 35 U.S.C. § 284;

3. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

Dated:  June 10, 2013　　　　　By: */s/ Papool S. Chaudhari*
　　　　　　　　　　　　　　　　　Papool S. Chaudhari
　　　　　　　　　　　　　　　　　Texas State Bar No. 24076978
　　　　　　　　　　　　　　　　　**Reyes | Browne | Reilley**
　　　　　　　　　　　　　　　　　5950 Berkshire Lane, Suite 410
　　　　　　　　　　　　　　　　　Dallas, TX 75225
　　　　　　　　　　　　　　　　　Phone: (214) 526-7900
　　　　　　　　　　　　　　　　　Fax: (214) 526-7910

papool@reyeslaw.com

Jeremy S. Pitcock
Admitted to the Eastern District of Texas
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
jpitcock@pitcocklawgroup.com

**ATTORNEYS FOR PLAINTIFF
PERSONAL AUDIO, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 10th day of June, 2013.

*/s/ Papool S. Chaudhari*

Papool S. Chaudhari