**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
| Plaintiff, | |
| | **Civil Action No. 2:13-cv-270-JRG** |
| **v.** | **Civil Action No. 2:13-cv-271-JRG** |
| **CBS CORPORATION (2:13-cv-270); NBCUNIVERSAL MEDIA, LLC (2:13-cv-271)** | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF PERSONAL AUDIO, LLC'S OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

Plaintiff Personal Audio, LLC ("Plaintiff") respectfully submits this opposition to Defendants' Joint Motion To Transfer Under 28 U.S.C. § 1404(a) To The Southern District Of New York ("Transfer Motion").[1]

I.   **INTRODUCTION**

The requisite "good cause" does not exist to transfer cases to a different forum when such a transfer would result in multiple parallel proceedings.  As found by the Federal Circuit, in cases not cited -- much less addressed -- by the moving Defendants, such a result is not in the

---

[1]   Only two of the several entities sued by Plaintiff apparently seek transfer to the District Court for the Southern District of New York – NBC Corporation and CBS Corporation.  While the motion is "joint" between those two entities, the rest of the Defendants sued by Plaintiff apparently do not seek transfer, at least not to the District Court for the Southern District of New York.

"interests of justice" because such a result would be the very opposite of judicial economy. Moreover, the Defendants ignore the connections of Plaintiff to this forum, and further ignore facts that suggest that New York is not a particularly convenient location. Even Defendants' primary litigation counsel is located in Washington, D.C.

Thus, Plaintiff respectfully requests denial of Defendants' Motion to Transfer.

## II.     ARGUMENT

The first critical flaw in the Motion to Transfer is almost completely ignoring the relevance of the other lawsuits filed on the same patent in the same forum.  As CBS and NBC acknowledge, Personal Audio has also sued Togi Entertainment, Inc. (no. 2013-cv-00013), Howstuffworks.com (no. 2013-cv-00015), Lotzi Digital, Inc. and A Parternship Consisting of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, Sandy Ganz and Does 1-10, Inclusive dba "ACE Broadcasting" and/or "Carolla Digital" (no. 13-cv-00014) in this Court for infringement of the same patent asserted against movants.  Transfer Motion at 4.[2]  None of these other parties seeks transfer of their cases to New York.

As the moving Defendants concede, under Section 1404(a), the party seeking transfer has the burden to show "good cause" for transfer. *Id.* at 5.  Moreover, a motion to transfer must be "in the interests of justice." *Id.* The party seeking transfer has the burden of proving that the transferee forum is "clearly more convenient" than Plaintiff's choice of forum.  *In re Volkswagen of Am.*, Inc., 545 F.3d 304, 315 (5th Cir. 2008).

---

[2]     It should be noted that the moving Defendants named the earlier entity "ACE Broadcasting" which was named in the original complaint, rather than the entities named in the Amended Complaint. While the moving Defendants claim that none of these other sued entities oppose their motion, no declarations from the various other entities have been provided.

Apparently, the moving Defendants believe that "good cause" exists to litigate issues regarding the same patent in multiple forums and that it would be in the "interests of justice" to waste the time and resources of the parties and courts.  Not surprisingly, Defendants' motion is contrary to established Federal Circuit precedent, not cited in the Transfer Motion.

In similar circumstances, the Federal Circuit denied a petition for a writ of mandamus to direct this Court to transfer a case to the Eastern District of Michigan. *See In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).  In *Volkswagen*, MHL brought two suits on the same patents in the Eastern District of Texas, alleging infringement against several foreign and domestic automobile companies.  *Id.* at 1350. The defendants moved to transfer one of the infringement actions to the Eastern District of Michigan. *Id.* at 1351. This Court properly denied the petition, citing the judicial economy of having one court decide all of the related patent issues. *Id.*

The Federal Circuit agreed and noted that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *Id.* While the Federal Circuit acknowledged that the cases would not involve precisely the same issues, there was significant overlap, such that it would preserve time and resources for one court to decide all the issues. *Id.*

Here, the moving Defendants would have two of the cases on the exact same patent litigated in the District Court for the Southern District of New York, while the remaining cases proceed in this Court.  This would, of course, be a colossal waste of time and judicial resources, and is exactly the sort of abuse that the Federal Circuit determined to curb with its decision in *Volkswagen*. This also precipitates significant risk of conflicting rulings, particularly with regard

3

to claim construction, infringement and/or validity.  If this case were to be transferred, rulings from this Court and from the Southern District of New York could conflict.  For these reasons alone, it would not be in the interests of justice to grant the Transfer Motion, and it should be denied.  *See also In re Vistaprint Ltd.*, No. 954, 2010 WL 5136034, at *3-*4 (Fed. Cir. 2010) (finding that this Court did not abuse its discretion in denying a motion to transfer based on judicial economy).

Second, not that it is relevant in light of the judicial economy in having a single forum decide the same issues at the same time, but Plaintiff's connections with this District have grown.  As the moving Defendants acknowledge, Plaintiff has litigated extensively and exclusively in this forum for years.

Plaintiff is a Texas Domestic Limited Liability Corporation founded on April 13, 2009, years before the filing of the relevant lawsuits. See Declaration of Brad Liddle ("Liddle Decl.") at ¶ 4.  Plaintiff has had a registered agent for service of process in Texas since 2009. *Id.* Plaintiffs' principal place of business is at 3827 Phelan Blvd, Suite 180, Beaumont, TX 77707, and can be contacted through a number in the area code connected with Beaumont, TX. *Id.*  The vast majority of Personal Audio's documents are located in Beaumont, TX.  *Id.* at ¶ 5.  Plaintiff's counsel, Papool Chaudhari, also resides in this District. Chaudhari Decl. at ¶ 4.

Personal Audio LLC also operates a Licensing Office at 340 North Sam Houston Parkway E, Suite 165D, Houston, TX 77060.  Liddle Decl. at ¶ 3.  Personal Audio LLC has a single permanent employee (Mr. Liddle), a Texas attorney, who works out of the Houston Office and lives nearby.  *Id.*  Mr. Liddle is potentially a witness for licensing and other matters.

Indeed, Plaintiff paid Texas Franchise Taxes in 2011 ($29,736) and 2012 ($46,217).  *Id.* at ¶ 6.  Plaintiff has two bank accounts in Beaumont, TX with nearly $2 million dollars in them. *Id.* at ¶ 7.

Moreover, the connections of even the moving Defendants to the District Court for the Southern District of New York are not that strong.  Indeed, the Defendants hired primary litigation counsel located in <u>Washington, D.C.</u>, despite the nearly unlimited number of patent litigation attorneys located in New York City.  It is also hard to imagine that all documents produced in the litigation will not be copied and kept electronically by the moving defendants' primary counsel in Washington, D.C., and thus there would be little inconvenience in also producing such evidence electronically elsewhere.

Even the "cherry picked" witnesses identified by Defendants do not all live in New York.[3]  Indeed, one of the former employees for CBS who developed the infringing products resides in Pennsylvania.  *See* Transfer Motion at 8.  The person who developed the infringing NBC products lives in Redmond, WA. *Id.* at 9.  And, of course, the moving Defendants completely ignore the other Defendants that have been sued and the convenience of New York as a forum to them.  Indeed, there is no reason to believe from the transfer motion that the other sued Defendants could have all been sued in New York, or that New York would be more convenient to them than Plaintiff's choice of forum.

Finally, the only prior art identified as relevant to the patent-in-suit is "Internet Talk Radio."  *See* CBS' Answer and Counterclaim (2:13-cv-270, Document 9) at p. 5; NBC's Answer

---

[3]     NBC is estimated to have over 30,000 employees spread around the globe.  CBS has approximately 20,000 employees spread around the globe.  Both NBCUniversal and CBS have numerous employees in Texas, including in Houston and Dallas.

and Counterclaim (2:13-cv-271, Document 9) at p. 5.  While the pleadings are devoid of any factual detail, no witnesses or documents related to this art are identified as being located in New York.  Presumably, if Defendants' prior art allegations are in good faith, they know of at least some information that would shed some light on whether New York is a likely location for documents and witnesses relevant to the prior art.   Apparently, since no such witnesses or documents are identified, Defendants concede *sub silentio* either that there is no basis for believing this information exists in New York.  Given the paucity of the Defendant's allegations, it is difficult for Plaintiff to make any independent determination as to the location of likely witnesses or documents.  However, since it is the burden of the Defendants to show that New York is a more convenient forum, the convenience to these third party witnesses should be given weight.  *See* Transfer Motion at 7.


### III.     CONCLUSION

Thus, for all the above reasons, Defendant's Motion to Dismiss should be denied.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

*/s/ Papool S. Chaudhari*

Dated:  July 15, 2013          By:  _____
                                     Papool S. Chaudhari
                                     Texas State Bar No. 24076978
                                     **Reyes | Browne | Reilley**
                                     5950 Berkshire Lane, Suite 410
                                     Dallas, TX 75225
                                     Phone: (214) 526-7900
                                     Fax: (214) 526-7910
                                     papool@reyeslaw.com

                                     Jeremy S. Pitcock
                                     PITCOCK LAW GROUP

6

1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
jpitcock@pitcocklawgroup.com

**ATTORNEYS FOR PLAINTIFF**
**PERSONAL AUDIO, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 15th day of July, 2013.

*/s/ Papool S. Chaudhari*

_____
Papool S. Chaudhari