**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| _____ ) | |
| PERSONAL AUDIO, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00270-JRG-RSP |
| ) | Jury Trial Demanded |
| CBS CORPORATION, ) | |
| ) | |
| *Defendant*. ) | |
| _____ ) | |
| ) | |
| PERSONAL AUDIO, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00271-JRG-RSP |
| ) | Jury Trial Demanded |
| NBCUNIVERSAL MEDIA, LLC, ) | |
| ) | |
| *Defendant*. ) | |
| _____ ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION TO TRANSFER
UNDER 28 U.S.C. § 1404(a)
<u>TO THE SOUTHERN DISTRICT OF NEW YORK</u>**

## I.      INTRODUCTION

This case belongs in the Southern District of New York ("S.D.N.Y.").  CBS and NBC are both headquartered in the S.D.N.Y., and the bulk of the material party and non-party witnesses live or work within or near (within 100 miles of) the S.D.N.Y.   Plaintiff has not identified *a single* witness who resides or works in the Eastern District of Texas.  Although Plaintiff alleges that its "principal place of business" is located in Beaumont, Texas, this alleged principal place of business is no more than a mailbox rented by Plaintiff from a retail establishment in a mall that provides mail drop services.

Plaintiff argues that transfer should be denied because it has sued other entities (in three actions) in Eastern District of Texas for infringement of the same patent being asserted against CBS and NBC and those defendants are headquartered in jurisdictions other than the S.D.N.Y.[1] (As set forth in the accompanying declarations, the other defendants sued by Personal Audio consent to the transfer of the actions against them to the S.D.N.Y.)  Plaintiff is essentially asking this Court to establish a bright line rule that whenever a patentee sues multiple defendants with witnesses in different jurisdictions, then all the cases must remain in the Eastern District of Texas.  As discussed below, this is not the law.

## II.     ARGUMENT

### A.      Judicial Economy Does Not Trump All Other Factors

Plaintiff does not deny that the vast majority of the material witnesses reside or work within or near the S.D.N.Y.  Plaintiff also has not identified *any* witnesses in the Eastern District of Texas, and all but admits that its "principal place of business" is a sham.  Although Plaintiff

---

[1] These other entities are: Howstuffworks.com, Togi Entertainment, Inc. ("Togi"), Lotzi Digital, Inc. ("Lotzi") and a partnership allegedly doing business as "ACE Broadcasting" and/or "Corolla Digital" (the "Alleged Partnership").  We understand that Togi is an entity so small that it has filed for corporate dissolution because it cannot pay for an attorney to defend this case.

contends its principal place of business is located in Beaumont, Texas, Plaintiff admits that its *only* permanent employee works and resides in Houston.   Liddle Decl. at ¶ 3.   Moreover, Plaintiff fails to inform the Court that its vice president of licensing, Richard A. Baker, Jr., works and lives in Massachusetts.  The reason Plaintiff cannot identify a single employee who works at its alleged "principal place of business … at 3827 Phelan Blvd., Suite 180, Beaumont, Texas," (Pl. Br. at 4), is because Suite 180 *does not exist*.  Declaration of J.R. Skaggs at ¶¶ 3-4.  The only space that Personal Audio has at 3827 Phelan Blvd. is a small *mailbox* (mailbox #180) that it rents from PostNet, a retail services establishment that is located at that address.  *Id*. at  ¶ 4.

Although Plaintiff plainly has no relevant connections with this District, Plaintiff nevertheless contends that these cases should remain here rather than be transferred to the S.D.N.Y., where the substantial majority of the witnesses are located.  Relying principally on *In re Volkswagen of Am., Inc*., 566 F.3d 1349 (Fed. Cir. 2009), Plaintiff takes the position that a single private interest factor -- judicial economy -- overrides all others.  (Pl. Br. at 3).  This is not the law.  *See, e.g., In Re Verizon Business Network Services*, 635 F.3d 559, 562 (Fed. Cir. 2011) (advising against creating an "ironclad rule" that a prior litigation in a district necessarily overrides a compelling showing of transfer, and granting writ of mandamus directing transfer). Moreover, the *Volkswagen* case relied on so heavily by Plaintiff does not stand for the proposition for which it is cited.  As the Federal Circuit later held in *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010), in *Volkswagen* the Federal Circuit "never addressed or applied the convenience factors and therefore could not have held that judicial economy could be determinative when the convenience factors strongly weigh in favor of transfer."

Rather than being dispositive, the judicial economy factor is but one of the four private interest factors that this Court must weigh.[2]  *See, e.g., id.*  The other three private interest factors that must be weighed all relate to convenience – *i.e.*, the location of witnesses and documentary evidence.  Because the bulk of the material witnesses (including third-party witnesses) and documentary evidence are located in or near the S.D.N.Y., while no witnesses are located in this District, the convenience factors *strongly* favor transfer and are not outweighed by the judicial economy factor.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("Because a substantial number of material witnesses reside within the transferee venue …, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh *substantially* in favor of transfer.") (emphasis added).

The judicial economy factor in this case is especially weak compared to the convenience factors because it is purely "speculative" to conclude that transferring venue to the S.D.N.Y. would waste judicial resources -- given that all of the actions involving the patent-in-suit are in their infancy. *See Realtime Data, LLC v. Morgan Stanley*, 2010 WL 4274576, at *3 (E.D. Tex. Oct. 28, 2010) (finding that ". . . the perceived efficiencies were not tied to the transferor court's prior investment in the case, but only its *speculative* anticipated investment.") (emphasis added).[3]

In the only other case cited by Plaintiff to support its position that judicial economy trumps the convenience factors, the Federal Circuit upheld the district court's denial of transfer because not only was there a "co-pending litigation before the trial court involving the same

---

[2] Plaintiff does not dispute that the public interest factors weigh in favor of transfer.
[3] On Friday, July 26, 2013, Fox Broadcasting Company and Fox Network Groups, Inc., filed a declaratory judgment action against Personal Audio in the United States District Court for the District of Massachusetts.  Personal Audio has significant contacts with the District of Massachusetts, since, *inter alia*: (i) its vice president of licensing is located in that district; (ii) its founder (and the first named inventor on the '504 patent) has substantial contacts in Massachusetts and resides in neighboring New Hampshire; and (iii) a second inventor on the '504 patent resides in the District of Massachusetts.  These facts underscore that the Eastern District of Texas has no contacts with this Declaratory Judgment suit.

patent and underlying technology," *but also*: i) "the trial court became *very familiar* with the only asserted patent and the related technology *during a prior litigation*" and ii) "no defendant party is actually located in the transferee venue and the presence of witnesses in that location is not overwhelming." *Vistaprint*, 628 F.3d at 1346-47 (emphasis added).

In this case, this Court has no familiarity with the patent-in-suit from any prior litigation, CBS and NBC are both headquartered in the S.D.N.Y. with thousands of employees there, and the bulk of the material witnesses are located in or near (within 100 miles of) the S.D.N.Y. Accordingly, given that Plaintiff has not identified *any* witnesses in the Eastern District of Texas, and the only connection between Plaintiff and this District is a sham – a rented mailbox, this case should be transferred to the S.D.N.Y.  *See In re Zimmer*, 60 F.3d 1378, 1382 (Fed. Cir. 2010).

### B.      No Good Reason Exists To Keep The Actions In The Eastern District Of Texas

Even if it were correct that judicial economy is a dispositive factor, the *Volkswagen* case says nothing about the jurisdiction in which those cases should have been litigated.  Here, if this Court were inclined to have all the patent cases filed by Plaintiff adjudicated in a single jurisdiction, the record evidence before this Court (including the accompanying declarations) demonstrates that "the *most* convenient forum" is the S.D.N.Y.  *See Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-CV-400-JRG, 2012 WL 3647182, at *13-14 (E.D. Tex. Aug. 23, 2012) (emphasis in original).  This conclusion is highlighted by the fact that Plaintiff's alleged principal place of business is a pure fiction and Plaintiff has not identified a single witness located in the Eastern District of Texas.

Plaintiff's connections with the Eastern District of Texas do not relate in any way to its business operations.  Instead, Plaintiff's contacts with this District all relate solely to, and arise out of, its desire to litigate cases in the Eastern District of Texas.  *See In re Apple Inc.*, 374 Fed.

4

Appx. 997 (Fed. Cir. May 12, 2010).[4]   The very precisely-worded statement in Plaintiff's opposition brief that Plaintiff "can be contacted through a number in the area code connected with Beaumont, Texas" emphasizes this fact.   A call to the Plaintiff's telephone number is forwarded to Plaintiff's vice president of licensing who is in Massachusetts.   Declaration of Tony Yarborough ¶¶ 3-5. Additionally, although it states that the vast majority of its documents are in Beaumont, Plaintiff provides no description of these documents or explains why its documents are there given that its "place of business" in Beaumont is nothing more than a mailbox and its sole employee is in Houston.   Such subterfuge cannot be permitted to determine where a case is litigated.   *See, e.g., In re Hoffman-LaRohce Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (finding that the plaintiff had "manipulate[d] the proprietary of venue" by transferring its documents in an effort to defeat a transfer motion); *Zimmer*, 60 F.3d at 1380 ("where the plaintiff is attempting to game the system by artificially seeking to establish venue by sharing office space with another of trial counsel's clients," plaintiff's contacts with the E.D. Tex are entitled to no weight).

### C.   Defendants' Key Witnesses Are In Or Near The S.D.N.Y.

Plaintiff asserts that Defendants have "cherry picked" witnesses.   This is not true and Plaintiff has no basis for its assertion.   The identified witnesses are the persons with the most knowledge regarding the accused podcasting software.   While Plaintiff correctly notes that the person who developed the allegedly infringing NBC products currently lives in Redmond, Washington, Plaintiff omits that this individual has declared under penalty of perjury that he will soon be relocating to New York City.   Also, although Plaintiff correctly notes that a former CBS employee who created accused podcasting software resides in Pennsylvania, Plaintiff omits that this individual resides in Philadelphia, which is within 100 miles of the S.D.N.Y.

---

[4] It is not unreasonable to infer that Plaintiff's bank account is located in Beaumont, Texas for the sole purpose of attempting to defeat motions to transfer.

Dated:  July 29, 2013                    Respectfully Submitted,

                                         */s/ Steven Lieberman*
                                         *(with permission by Jennifer P. Ainsworth)*
                                         Steven Lieberman
                                         slieberman@rfem.com
                                         Brian Rosenbloom
                                         brosenbloom@rfem.com
                                         Jennifer Maisel
                                         jmaisel@rfem.com
                                         ROTHWELL, FIGG, ERNST & MANBECK, PC
                                         607 14th St., N.W., Ste. 800
                                         Washington, D.C.  20005
                                         (202) 783-6040 (telephone)
                                         (202) 783-6031 (facsimile)

                                         Jennifer Parker Ainsworth
                                         Texas State Bar No. 00784720
                                         jainsworth@wilsonlawfirm.com
                                         WILSON, ROBERTSON & CORNELIUS, P.C.
                                         One American Center
                                         909 ESE Loop 323, Suite 400
                                         Tyler, TX 75701
                                         (903) 509-5000 (telephone)
                                         (703) 509-5092 (facsimile)

                                         *Attorneys for Defendants*
                                         *CBS Corporation and NBCUniversal Media,*
                                         *LLC*

## CERTIFICATE OF SERVICE

       The  undersigned  certifies  that  the  foregoing  document  was  filed  electronically  in

compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have

consented to electronic service, Local Rule CV-5(a)(3), on this the 29th day of July, 2013.

                                         */s/ Jennifer P. Ainsworth*
                                         Jennifer P. Ainsworth