IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>CBS CORPORATION,<br><br>   Defendant. | 2:13-cv-00270-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
OF INSUFFICIENT EVIDENCE WITH RESPECT TO
PLAINTIFF'S DAMAGES CLAIM**

Defendant CBS Corporation ("Defendant"), by and through its counsel, respectfully moves this Court to grant Judgment as a Matter of Law in its favor, pursuant to Federal Rule of Civil Procedure 50(a).

**I.  INTRODUCTION**

Plaintiff Personal Audio, LLC. ("Personal Audio" or "Plaintiff') has now been fully heard on its infringement claims based on U.S. Patent No. 8,112,504 ("the '504 patent") against Defendant CBS and the alleged resulting damages.  Personal Audio did not present legally sufficient evidence for a reasonable jury to award the requested damages.  This Court should therefore grant judgment as a matter of law that Personal Audio did not present a legally sufficient claim for damages. *See* Fed. R. Civ. P. 50(a); *Anthony v. Chevron United States*, 284 F.3d 578, 582-83 (5th Cir. 2002).

**II.  LEGAL STANDARD**

Judgment as a matter of law is warranted where a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1);

1

*see also Adams v. Groesbeck Indep. Sch. Dist.*, 475 F.3d 688, 690 (5th Cir. 2007).[1] The Supreme Court has explained that the "standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that the inquiry under each is the same." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). As such, judgment as a matter of law is appropriate when "the facts and inferences point so strongly and overwhelmingly in favor of one party that the court concludes that reasonable jurors could not arrive at a contrary verdict." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 273 (5th Cir. 1997). The party opposing the motion must provide actual evidence, not "mere speculation and conjecture." *Anthony v. Chevron United States*, 284 F.3d 578, 583 (5th Cir. 2002). Likewise, a mere scintilla of evidence is insufficient to present an issue to the jury. *Id.*

Conclusory expert testimony does not qualify as substantial evidence. *See Iovate HealthSciences, Inc. v. Vio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1381-82 (Fed. Cir. 2009) (applying Fifth Circuit law). "When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993). In sum, judgment as a matter of law is warranted.

### III. Personal Audio Failed to Provide Evidence for a Jury to Return a Verdict of a 3.5% Royalty as a Matter of Law

The patent owner bears the burden of proving a reasonable royalty damages award. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). Ultimately, "there must be a basis in fact to associate the royalty rates used in prior licenses to the particular

---

[1] In the Fifth Circuit, the appellate court reviews a trial court's denial of a judgment as a matter of law *de novo*. *Id.*

hypothetical negotiation at issue in the case." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315, 1318 (Fed. Cir. 2011). Personal Audio's damages case fails because there is no basis in fact for its chosen royalty rate of 3.5%.

Personal Audio has failed to establish a connection between the licenses it relies on (the MP3 licenses) and the technology at issue in this case. Personal Audio bore the burden of establishing that these licenses were sufficiently comparable to the technology of the '504 patent. "Alleging a loose or vague comparability between different technologies or licenses does not suffice." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012). Instead, Personal Audio was required to account for the "technological and economic differences" between the licenses it relies on and the '504 technology. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed. Cir. 2010). Personal Audio's royalty rate is ultimately "untethered from the patented technology at issue," and as such, is "arbitrary and speculative." *LaserDynamics*, 694 F.3d at 80.

Personal Audio's damages analysis lacks a sufficient basis as a matter of law because it is inherently flawed. Mr. Leathers, Personal Audio's damages expert, concluded that the appropriate royalty rate for the accused products was 3.5% of the allegedly infringing advertising revenue. He reached this conclusion by relying on general MP3 license rates of 2% and then, through addressing other factors, increasing the rate to 3.5%. 9/9/14 PM Tr. at 36-37. But as is plain from Mr. Leathers testimony, there is no basis in using the MP3 license in the first place. As such, the analysis is inherently flawed and a judgment as a matter of law is warranted.

Mr. Leathers admits that the MP3 licenses he relies upon are not "truly comparable." 9/9/14 PM Tr. at 37. Instead, he chose to base his analysis on the MP3 licenses simply because "the structure" of the agreement and its "non-discriminatory basis." 9/9/14 PM Tr. at 27-28.

This is the total basis for Personal Audio's argument as to sufficient comparability between the MP3 license and the hypothetical negotiation for the '504 patent. Mr. Leathers expressed no opinion as to the technological comparability of the MP3 technology to the '504 patent, nor did plaintiff's technical expert, Dr. Almeroth. 9/9/14 PM Tr. at 37-38. Therefore, Personal Audio has failed to establish comparability.

There are important economic differences between the MP3 licenses and the hypothetical negotiation for the '504 patent. First, the MP3 license Mr. Leathers relies upon is for an entire portfolio of patents. 9/9/14 PM Tr. at 39-42. The hypothetical negotiation involves a single patent. Second, the MP3 license portfolio includes foreign patents as well as domestic. The hypothetical negotiation is limited to a U.S. patent. 9/9/14 PM Tr. at 39-42. Third, the MP3 license involves technologies that are certified industry standards. 9/9/14 PM Tr. at 39-42. The hypothetical negotiation over the '504 patent involves a technology that is not an industry standard. Defendant's expert, Dr. Ugone, explained that consistent with Personal Audio's concessions, the MP3 license lacked economic comparability. 9/11/14 AM Tr. at 86-90.

Personal Audio's flawed argument echoes analyses the Federal Circuit has previously found insufficient as a matter of law. For example, in *Lucent* the Federal Circuit examined plaintiff's analysis of "eight varied license agreements which purportedly support the jury's" award. 580 F.3d at 1327-28. The Court came to two conclusions: first, that some of the "license agreements are radically different from the hypothetical agreement under consideration;" and second, that for other agreements, the court was "simply unable to ascertain from the evidence presented the subject matter of the agreements, and [] therefore [could not] understand how the jury could have adequately evaluated the probative value of those

agreements." *Id.* at 1328. The Federal Circuit ultimately concluded that, as a matter of law, the jury's award of damages was lacking in sufficient evidence.

*Lucent* applies here. First, the MP3 licenses are fundamentally different than the hypothetical negotiation. As in *Lucent*, the MP3 agreements involve "multiple patents to broad" technology that are in a "vastly different situation than the hypothetical licensing scenario of the present case involving only one patent." *Lucent*, 580 F.3d at 1328. Second, also as in *Lucent*, Personal Audio has failed to provide evidence regarding the structure of the MP3 licenses or the facts surrounding them. Likewise, the Federal Circuit in *ResQNet.com* vacated a damages award as lacking in sufficient evidence where, as here, plaintiff relied on licenses "which [have] no relation to the claimed invention." 594 F.3d at 870. And in *LaserDynamics*, the Court vacated a jury's award and remanded for a new trial where the plaintiff relied on evidence "where comparability between it and a hypothetical license to the [patent in suit] was absent." 694 F.3d at 80.

Mr. Leathers explanation as to why the 2% MP3 rate should be adjusted upwards to 3.5% is also deficient as a matter of law. For example, Mr. Leathers credited the '504 for the alleged benefit of an "easy to use, attractive website," when in fact he admitted that the asserted claims require no such thing. 9/9/14 PM Tr. at 50-51. In any event, Mr. Leathers' damages analysis is legally deficient because it begins from the flawed premise that the MP3 licenses are comparable licenses. "Beginning from a fundamentally flawed premise and adjusting it based on legitimate considerations specific to the facts of the case nevertheless results in a fundamentally flawed conclusion." *Uniloc USA, Inc.*, 632 F.3d at 1317. This Court should therefore conclude that Personal Audio has advanced insufficient evidence to support any damages award.

5

## IV. CONCLUSION

For the above reasons, Defendant respectfully requests that this Court find that there is insufficient evidence for the jury to return Personal Audio's requested damages figure.

Dated: September 14, 2014

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
Wilson, Robertson & Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

Steven Lieberman
slieberman@rothwellfigg.com
Sharon L. Davis
sdavis@rothwellfigg.com
Brian S. Rosenbloom
brosenbloom@rothwellfigg.com
Jennifer Maisel
jmaisel@rothwellfigg.com
Rothwell, Figg, Ernst & Manbeck, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

*Attorneys for Defendant*
*CBS Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on September 14, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth