**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | | |
| Plaintiff, | | |
| v. | | 2:13-cv-00270-JRG-RSP |
| CBS CORPORATION, | | |
| Defendant. | | JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF
INVALIDITY UNDER 35 U.S.C. § 101**

Defendant CBS Corporation ("Defendant"), by and through its counsel, respectfully
moves this Court to grant Judgment as a Matter of Law in its favor, pursuant to Federal Rule of
Civil Procedure 50(a) and consistent with the Supreme Court's recent decision in *Alice Corp.
Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).[1]

**I.     Introduction**

Judgment as a matter of law is warranted because the undisputed facts establish that the
asserted claims of U.S. Patent No. 8,112,504 ("the '504 patent") are invalid as a matter of law.
*See* Fed. R. Civ. P. 50(a); *Anthony v. Chevron United States*, 284 F.3d 578, 582-83 (5th Cir.
2002); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (the "standard for
granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that the

---

[1] In the alternative, CBS brings this motion under Federal Rule of Civil Procedure 12.  CBS also
notes that the question of patent eligible subject matter was affirmatively raised by CBS in its
answer (Dkt. 9 at 3), included in the pretrial order, 13-cv-13 (Dkt. 267) at 6, and discussed at the
pretrial hearing where the parties agreed that whether the asserted claims of the '504 Patent
claim non-patentable subject matter under 35 U.S.C. § 101 "should be a legal question for the
Court." 13-cv-13 (Dkt. 298), Tr. at 190.

inquiry under each is the same"). Patentability under § 101 is a question of law. *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340-41 (Fed. Cir. 2013)

## II.  Patent-Ineligible Subject Matter Under 35 U.S.C. § 101

Section 101 of the Patent Act defines the subject matter eligible for patent protection as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. Section 101 contains an implicit exception for laws of nature, natural phenomena, and abstract ideas—which are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). This implicit exception is based on the concern that a patent not pre-empt or monopolize what are considered "basic tools of scientific and technological work." *Id.* In applying § 101, courts must distinguish between patents that improperly claim these "building blocks" of human ingenuity from those that properly integrate the building blocks into something more, and thereby transform them into a patent-eligible invention. *Id.*

The Supreme Court has set forth a two-step framework for determining whether a patent claim passes § 101: First, a court must determine whether the claim encompasses a law of nature, a natural phenomenon, or an abstract idea. *Id.* at 2355. If so, the court must then examine the elements of the claim, both individually and in combination, to determine if it contains an "inventive concept"—*i.e.,* an element or combination of elements that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* at 2355, 2357. The claim must include additional features to ensure that the claim is more than a drafting effort designed to monopolize the abstract idea—more than simply stating the abstract idea and adding the words "apply it." *Id.* at 2357. Appending *conventional* steps, specified at a *high level of generality*, is not *enough* to supply an "inventive concept." *Id.*

The Court held in *Alice* that a patent claim that merely requires generic, conventional computer implementation of an abstract idea fails to transform that abstract idea into a patent-eligible invention. *Id.*

> [T]he mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention…. [I]f a patent's recitation of a computer amounts to a mere instruction to "implemen[t]" an abstract idea "on...a computer," that addition cannot impart patent eligibility. This conclusion accords with the pre-emption concern that undergirds our *§ 101* jurisprudence. Given the ubiquity of computers, wholly generic computer implementation is not generally the sort of "additional featur[e]" that provides any "practical assurance that the process is more than a drafting effort designed to monopolize the [abstract idea] itself." The fact that a computer "necessarily exist[s] in the physical, rather than purely conceptual, realm," is beside the point. There is no dispute that a computer is a tangible system (in *§ 101* terms, a "machine"), or that many computer-implemented claims are formally addressed to patent-eligible subject matter. But if that were the end of the *§ 101* inquiry, an applicant could claim any principle of the physical or social sciences by reciting a computer system configured to implement the relevant concept. Such a result would make the determination of patent eligibility "depend simply on the draftsman's art," thereby eviscerating the rule that "[l]aws of nature, natural phenomena, and abstract ideas are not patentable."

*Id.* at 2358-2359 (internal citations omitted); *BuySafe, Inc. v. Google, Inc.*, No. 2013-1575, Slip Op. at 9 (Fed. Cir. Sept. 3, 2014) ("The claims' invocation of computers adds no inventive concept. The computer functionality is generic . . . "); *Planet Bingo, LLC v. VKGS LLC*, No. 2013-1663, Slip Op. at 6 (Fed. Cir. Aug. 26, 2014) (non-precedential) (function performed by the computer at each step of the process was "purely conventional")

Patentability under § 101 is a question of law, *see In re Bilski*, 545 F.3d 943, 950-51 (Fed. Cir. 2008). There are no disputed factual predicates relevant to the legal threshold § 101 inquiry, with both parties agreeing that the issue is a "legal question for the Court."  13-cv-13 (Dkt. 298), Tr. at 190.

The '504 patent is directed to the abstract idea of distributing episodic media content and updating the media content from time to time. *See, e.g.*, 9/8/14 PM Tr. at 64 ("I think we

invented the fundamental idea behind podcasting, and I think we also developed this concept of episodic viewing of TV content[.]").  Despite the "prolixity" of the asserted claims, "they recite "a very simple" invention and judgment as a matter of law is appropriate.  *See, e.g., Loyalty Corp. v. Conversion Systems Corp. v. American Airlines, Inc.*, No. 13-cv-655 (E.D. Tex. Sept. 3, 2014) (Dkt. 129) (concluding asserted claims were invalid under Section 101 on a judgment on the pleadings).

The purported invention is a physical "apparatus for disseminating a series of episodes represented by media files via the Internet as episodes become available. '504 patent at 50:35-37. Claims 31-34 do not add significantly more to that idea than storing and distributing media content (organized as episodes) using general purpose computer technology. That is not a sufficient inventive concept for patent eligibility under *Alice*.

<u>**Claim 31**</u>

Claim 31 is directed to a "server-side" apparatus for disseminating media files, representing episodes in a series, as the as the episodes become available. The claim incorporates the abstract idea of listing available episodes and updating that list "from time to time" as new episodes become available.  The technology recited is nothing more than general purpose computer technology: data storage servers, communication interfaces connected to the Internet, processors, and uniform resource locators (URLs).  These are all well-known elements.  *See, e.g.*, 9/10/14 AM Tr. at 24-27.

Claim 31 requires that these components do nothing more than their normal processing functions: The data storage server does nothing more than store media files.  The communication interface does nothing more than communicate with client devices by receiving and responding to requests for data files.  The processor does nothing more than store media files, store updated

4

versions of a compilation file from time to time, and employ communication interfaces.  The URLs do nothing more than specify storage locations.  There is simply nothing inventive about claim 31.  *See Alice*, 134 S. Ct. at 2357.

**Claim 32**

Claim 32 does not recite any additional limitations that would transform it into patent-eligible subject matter. Claim 32 merely further requires that at least some of the media files contain digital compressed audio recordings. Digital compressed audio recordings are conventional computer technology. *See, e.g.*, 9/10/14 AM Tr. at 27

**Claim 33**

Claim 33 also does not recite any additional limitation that would transform the apparatus into patent-eligible subject matter. Claim 33 merely further requires that at least some of the media files contain text data. This is conventional computer technology.  *See, e.g.*, 9/10/14 AM Tr. at 21.

**Claim 34**

Claim 34 also does not recite any additional limitation that would transform the apparatus into patent-eligible subject matter. Claim 34 merely further requires that attribute data include displayable text data describing the episode. This is conventional computer technology, as demonstrated by each of the prior art references examined at trial. *See, e.g.,* 9/10/14 PM Tr. at 75-76; 9/10/14 AM Tr. at 64-64; 9/11/14 AM Tr. at 9.

### III.    CONCLUSION

For the above reasons, Defendant respectfully requests that this Court find that the asserted claims are invalid as a matter of law.

Dated: September 14, 2014

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
Wilson, Robertson & Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

Steven Lieberman
slieberman@rothwellfigg.com
Sharon L. Davis
sdavis@rothwellfigg.com
Brian S. Rosenbloom
brosenbloom@rothwellfigg.com
Jennifer Maisel
jmaisel@rothwellfigg.com
Rothwell, Figg, Ernst & Manbeck, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

*Attorneys for Defendant*
*CBS Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on September 14, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth