IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CBS CORPORATION,<br><br>    Defendant. | 2:13-cv-00270-JRG-RSP<br><br>JURY TRIAL DEMANDED |

### RESPONSE OF DEFENDANT CBS CORPORATION TO PERSONAL AUDIO'S MOTION FOR ENTRY OF JUDGMENT ON THE JURY VERDICT AND REQUEST FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Defendant CBS Corporation ("CBS") does not oppose the entry of judgment based on the jury verdict on this case, subject to its post-trial motions challenging that jury verdict (and its appeal rights). CBS does oppose the form of order proposed by Personal Audio accompanying its motion for entry of judgment in two respects.

First, Personal Audio's proposed order includes a reference to the award of post-judgment interest on a possible award of Plaintiff's attorneys' fees and expert fees. (¶ 4). Because there has been no such award of attorneys' fees or expert fees, no post-judgment interest could be awarded on such fees as of the time of entry of judgment on the jury verdict. *See Copper Liquor, Inc. v. Adolph Coors Company*, 701 F.2d 542 (5th Cir. 1983) (post-judgment interest on award of attorneys' fees where such award is discretionary begins "only from the date the court recognizes the right to such fees in a judgment"). Referring to an award of post-judgment interest on such a hypothetical future award in the entry of judgment where there has been no award of attorneys' fees has the potential to create confusion.

Second, Personal Audio's proposed order inaccurately describes the jury's verdict as being that the jury "found these claims to be valid." (¶ 2). The jury's finding should more properly be described as "found these claims to be not invalid."

Finally, CBS notes that Personal Audio's proposed order contemplates an entry of judgment without specifying the amount of pre-judgment interest, necessitating a subsequent order from this Court. CBS had proposed that Personal Audio provide a calculation of the prejudgment interest which, if agreed, could be submitted to the Court and included in the entry of judgment, as opposed to a separate order or amended final judgment being entered later. Personal Audio has declined to do so. CBS believes that the most efficient course is to include the prejudgment interest calculation in the entry of judgment order and, therefore, proposes as an alternative that the Court order the parties to seek to agree on that calculation and submit their agreement (or their respective positions if they cannot agree) to the Court.

For the foregoing reasons, CBS requests that the Court not enter the proposed form of order submitted by Personal Audio but either (1) enter the proposed form of order submitted herewith or (2) order the parties to submit a calculation of prejudgment interest and then enter judgment including that calculation.

Dated: November 7, 2014                     Respectfully submitted,

                                                           */s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

Steven Lieberman
slieberman@rothwellfigg.com
Sharon L. Davis
sdavis@rothwellfigg.com
Brian S. Rosenbloom
brosenbloom@rothwellfigg.com
Jennifer Maisel
jmaisel@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

*Attorneys for Defendant
CBS Corporation*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on November 7, 2014.

                                                                  */s/ Jennifer P. Ainsworth*
                                                                   Jennifer P. Ainsworth