# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CBS CORPORATION, <br><br> Defendant. | 2:13-cv-00270-JRG-RSP |

## JOINT STATUS REPORT

Defendant CBS Corporation ("CBS") and Plaintiff Personal Audio LLC ("Personal Audio") respectfully submit this Joint Status Report pursuant to the Court's instructions at the telephonic status conference held on December 18, 2017 and the Court's prior Order on April 30, 2015 (Dkt. 118), staying this case pending the outcome of PTAB Case IPR2014-00070.

### A. Status Report

For completeness and ease of reference, the following is a summary of the events that have occurred since the September 2014 trial through the present.

- On September 15, 2014, the jury entered a verdict that CBS infringed claims 31-34 of U.S. Patent No. 8,112,504, and that CBS had not proved by clear and convincing evidence that those same claims were invalid. Case No. 13-cv-270 (Dkt. 56).

- Following the trial, CBS filed a number of renewed motions for judgment as a matter of law, at Docket Numbers 76, 77, 104, and 105. Those motions are pending.

- On October 23, 2014, Personal Audio filed a motion for attorneys' fees. (Dkt. 78). That motion remains pending.

- On April 16, 2015, CBS notified the Court that the Patent Trial and Appeal Board had issued its final written decision in *Electronic Frontier Foundation v. Personal Audio, LLC*, IPR 2014-00070 (April 10, 2015), holding that claims 31-35 of U.S. Patent No. 8,112,504 are invalid. (Dkt. 116). The claims held invalid include all those Personal Audio asserted at trial against CBS.

- On April 29, 2015, CBS and Personal Audio jointly moved to stay this litigation pending the appeal of IPR 2014-00070, noting that the "final outcome of said appeal is likely to affect the outcome of this matter." (Dkt. 117).

- On April 30, 2015, this Court granted the joint motion for the stay, stating that the Court would not rule on any motions during the pendency of the stay. The Court also ordered that the parties, through a "joint filing within 14 days after appellate review has concluded, inform[ ] the Court of the final outcome of any such review, and indicat[e] the parties' positions as to the impact of any appellate decisions on this matter." (Dkt. 118).

- On August 7, 2017, the U.S. Court of Appeals for the Federal Circuit affirmed the decision of the Patent Trial and Appeal Board in IPR2014-00070, holding claims 31, 32, 33, 34, and 35 of U.S. Patent No. 8,112,504 invalid under 35 U.S.C. §§ 102 and 103. Case No. 16-1123 (Dkt. 51-2).

- On November 1, 2017, the Federal Circuit denied Personal Audio's petition for panel rehearing and rehearing *en banc*. Case No. 16-1123 (Dkt. 67).

- On November 8, 2017, the Federal Circuit issued its mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. Case No. 16-1123 (Dkt. 68).

- On December 18, 2017, this Court held a joint telephonic status conference. The minute entry for this conference concludes: "the Court decided to continue the stay and ordered that the parties notify the Court of any changes in the status of the case within a reasonable amount of time."

- On January 30, 2018, Personal Audio notified this Court that it had filed a petition for a writ of *certiorari* in the United States Supreme Court. (Dkt. 119).

- On May 14, 2018, the United States Supreme Court denied Personal Audio's writ for *certiorari*. Case No. 16-1123 (Fed. Cir.) (Dkt. 70).

**B. The Parties' Positions on Appropriate Relief**

1. ***CBS's Position***:

Claims 31, 32, 33, and 34—the only claims Personal Audio asserted against CBS in this litigation—have been found invalid, and will now be cancelled by the Patent Office pursuant to 35 U.S.C. § 318(b). Personal Audio's claims against CBS are therefore moot, and this case should be dismissed with prejudice. *See, e.g.*, *SHFL Entertainment, Inc. v. Digideal Corp.*, -- Fed. App'x. --, 2018 WL 2049238, at *3 (Fed. Cir. May 2, 2018) ("*Fresenius* makes clear that 'when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot'") (quoting *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013)). This Court should therefore dismiss the complaint with prejudice, entering judgment in CBS's favor.

In addition, Personal Audio is also collaterally estopped from challenging the invalidity of claims 31, 32, 33, 34, and 35 of U.S. Patent No. 8,112,504. On May 23, 2018, the United States Court of Appeals for the Federal Circuit issued a precedential opinion that is directly applicable to the present dispute. Specifically, in *XY, LLC v. Trans Ova Genetics, L.C.*, Case No.

2016-2054 (attached as Exhibit A), the Federal Circuit addressed co-pending appeals from a judgment following a district court jury trial and from a Final Written Decision in an *inter partes* review proceeding. The jury had determined that the patent claims at issue were not invalid (and the district court had denied a motion for a new trial), while the Patent Trials and Appeal Board had determined that the same claims were invalid. In the decision addressing the district court decision, the Federal Circuit explained:

> As a threshold matter, we need not address Trans Ova's invalidity arguments as to the Freezing Patent claims in view of our affirmance today in a separate appeal invalidating these same claims, which collaterally estops XY from asserting the patent in any further proceedings. In this separate case appealed to us and argued on the same day as the instant appeal, the Patent Trial and Appeal Board of the U.S. Patent and Trademark Office (Board) held that these claims are unpatentable in a final written decision from an *inter partes* review proceeding. *See generally XY, LLC v. ABS Glob., Inc.*, Appeal No. 16-2228. In a separate order issued today, we affirm the Board's decision.
>
> That affirmance renders final a judgment on the invalidity of the Freezing Patent, and has an immediate issue preclusive effect on any pending or co-pending actions involving the patent. This court has previously applied collateral estoppel to such co-pending cases because "a patentee, having been afforded the opportunity to exhaust his remedy of appeal from a holding of invalidity, has had his 'day in court,'" and a defendant should not have to continue "defend[ing] a suit for infringement of [an] adjudged invalid patent." *U.S. Ethernet Innovations, LLC v. Tex. Instruments Inc.*, 645 F. App'x 1026, 1028–30 (Fed. Cir. 2016) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971)); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 F. App'x 988 (Fed. Cir. 2007).
>
> We do not find, as the Dissent states, that "in the event of conflict the administrative agency's decision 'moots' the district court's decision." Dissent at 6. Rather, we find that an affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions. This court has long applied the Supreme Court's holding in *Blonder-Tongue* to apply collateral estoppel in mooting pending district court findings of no invalidity based on intervening final decisions of patent invalidity. *See, e.g., Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1576 (Fed. Cir. 1994); *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 507–08 (Fed. Cir. 1989). This court also recently applied the Supreme Court's holding in *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S. Ct. 1293, 1303 (2015), to apply such estoppel to Board decisions. *See MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373 (Fed. Cir.

2018). The instant case is a straightforward application of this court's and Supreme Court precedent.

Slip Op. at 18-20 (footnotes omitted).

The Court also explained that, as with the present dispute, the fact that the inter *partes* review involved a third party challenger was irrelevant.

> Further, the fact that the Defendant in this case and the Petitioners in an *inter partes* review at the Board were different parties is of no consequence. "An unrelated accused infringer may . . . take advantage of an unenforceability decision under the collateral estoppel doctrine." *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999) (affirming district court application of collateral estoppel).

Slip Op. at 20. Therefore, as in *XY, LLC*, this Court should find that Personal Audio is estopped from challenging the invalidity of claims 31, 32, 33, and 34 of the '504 Patent

Finally, because the asserted patent claims have been held invalid (and will shortly be cancelled), CBS should be deemed the prevailing party for purposes of costs under Federal Rule of Civil Procedure 54(d). *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) ("Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case . . . is clearly the prevailing party and should ordinarily be entitled to costs."). Indeed, there is a "strong presumption that the prevailing party will be awarded costs." *Id.* at 131; *see, e.g., Motion Games, LLC v. Nintendo Co., Ltd.*, Case No. 12-cv-878, 2016 WL 9136171, at *3-*4 (E.D. Tex. Oct. 24, 2016) (awarding costs to the defendants following invalidation of claims in IPR); *Kimberly-Clark Worldwide Inc. v. First Quality Baby Products LLC*, Case No. 14-cv-1466, 2017 WL 481434, at *3 (E.D. Wis. Jan. 1, 2017) (dismissing claims found invalid in IPR with prejudice, and awarding the defendant "statutory costs"); *Western Falcon, Inc., v. Moore Rod & Pipe, LLC*, Case No. 13-2963, 2015 WL 3823629, at *4 (S.D. Tex. June 18, 2015) (granting costs to the defendant following, among other developments, cancellation of claims in

an IPR). CBS therefore requests that in the order and judgment dismissing Personal Audio's claims, the Court award CBS statutory costs.

In summary, following this Court's lifting of the stay, CBS intends to move to dismiss the claims with prejudice pursuant Federal Rules of Civil Procedure 12(b)(1) and (h)(3), as well as move for judgment that Personal Audio is collaterally estopped from challenging the invalidity of claims 31, 32, 33, and 34 of the '504 Patent.

2.  ***Personal Audio's Position:***

Personal Audio continues to believe that overturning the verdict of the jury with a later IPR proceeding violates the Seventh Amendment of the Constitution. This Constitutional question, among others, was explicitly left open under the *Oil States* decision. *Oil States Energy Services, LLC v. Green's Energy Group, LLC et al*, 584 U.S. \_\_\_\_\_, No. 16-712, slip op. at 16-17 (Apr. 24, 2018). Personal Audio also believes that the outcome of the IPR should not be given collateral estoppel effect, since it was filed by a third party under a different standard, as explained in great detail in the dissent in *XY, LLC v. ABS Glob., Inc.*, Appeal No. 16-2228, cited by the Defendant above. However, Personal Audio believes that current authority supports rendering a judgment in favor of the Defendant CBS, so that these issues can be appealed. Personal Audio agrees there is no current precedent for doing otherwise at this time, although Personal Audio reserves its rights to argue these issues on appeal.

With respect to an award of costs under Rule 54(d), these are discretionary. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Here, where the Defendant prevails not because of any action before this Court, but rather because a third party filed a later IPR challenge to the patent at issue after discovery was well underway in this case, and where the IPR decision was issued months after the jury verdict in favor of Plaintiff in this

Court, Plaintiff respectfully requests that the Court exercise its discretion to deny costs to the Defendant. *See Three-Seventy Leasing Corporation v. Ampex Corporation*, 528 F.2d 993 (5th Cir. 1976) (the District Court has discretion to order each party to bear its own costs).

Defendant cites to the *Schwarz* decision regarding the "strong" presumption to award costs to the prevailing party. "While the rule does not prevent a trial court from requiring a prevailing party to bear its own costs, 'the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption ... [since] denial of costs ... is in the nature of a penalty for some defection on his part in the course of the litigation.' *... Accordingly, when a trial court exacts such a penalty, it should state reasons for its decision.*" *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (emphasis in original). Here, where Defendant lost a jury verdict and is the prevailing party through no action of their own, and none of Defendant's costs were incurred in order to prevail in the case, Plaintiff respectfully urges the Court to deny an award of costs to Defendant.

Dated: May 29, 2018

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
Wilson, Robertson & Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

Steven Lieberman
slieberman@rothwellfigg.com
Sharon L. Davis
sdavis@rothwellfigg.com
Brian S. Rosenbloom
brosenbloom@rothwellfigg.com
Jennifer Maisel
jmaisel@rothwellfigg.com
Rothwell, Figg, Ernst & Manbeck, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

*Attorneys for Defendant
CBS Corporation*

*/s/ Papool S. Chaudhari
(with permission by Jennifer P. Ainsworth)*
Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, New York 10036
Tel:  (646) 571-2237
Fax:  (646) 571-2001
jpitcock@pitcocklawgroup.com

Papool S. Chaudhari
State Bar No. 24076978
CHAUDHARI LAW, PLLC
P.O. Box 1863
Wylie, Texas 75098
Tel:  (214) 702-1150
Fax:  (214) 705-3775
papool@chaudharilaw.com

John Lee (admitted to E.D. Texas)
Jennifer L. Ishimoto (admitted *pro hac vice*)
BANIE & ISHIMOTO LLP
1370 Willow Road, 2nd Fl
Menlo Park, CA 94025
(650) 241-2771
(650) 241-2770 (Fax)
jlee@banishlaw.com
ishimoto@banishlaw.com

ATTORNEYS FOR PLAINTIFF
PERSONAL AUDIO, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 29th day of May, 2018.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth